UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                          )    Case No. _____
                                               )
                                               )    NOTICE OF **PRELIMINARY**
                                               )    HEARING ON MOTION
                                               )       FOR USE OF CASH COLLATERAL
                                               )       TO OBTAIN CREDIT
Debtor(s)                                      )    *(Check One)*

YOU ARE NOTIFIED THAT:

1.    The undersigned moving party, _____, filed a
Motion    For Use of Cash Collateral    To Obtain Credit *(check one)*. A copy of the motion is attached;
and it includes BOTH (i) the statement required by Local Form #541.7, and (ii) the following allegations:

        a.  The immediate and irreparable harm that will come to the estate pending a final hearing is
_____.

        b.  The amount of    cash collateral    credit *(check one)* necessary to avoid the harm detailed
above prior to the final hearing is _____.

2.    The name and service address of the moving party's attorney (or moving party, if no attorney) are:
_____.

3.    A **PRELIMINARY** HEARING on the motion WILL BE HELD ON _____ AT _____
IN _____.
Testimony will be received if offered and admissible.

4.    If you wish to object to the motion, you must do one or both of the following: (1) attend the
preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins
with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to
405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will
rely and, if the response is filed within three business days before the hearing, notify the judge's
chambers by telephone immediately after filing the document, as required by LBR 9004-1(b). See Local
Form #541.51 for details.

5.    On _____ copies of BOTH this notice AND the motion were served pursuant to FRBP 7004 on
the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee
elected pursuant to 11 U.S.C. §705; any Creditors' Committee Chairperson [or, if none serving, on all
creditors listed on the list filed pursuant to FRBP 1007(d)]; any Creditors' Committee attorney; the U.S.
Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature

_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (12/1/13)    **\*\*LOCAL FORM #541.51 ATTACHED IF this NOTICE served on PAPER\*\***

1    Christopher L. Parnell, OSB No. 054352
     Email: cparnell@dunncarney.com
2    Dunn Carney Allen Higgins & Tongue LLP
     851 SW Sixth Avenue, Suite 1500
3    Portland, OR  97204-1357
     Telephone: 503.224.6440
4    Fax: 503.224.7324

5

6         Attorneys for Debtors

7

8                 UNITED STATES BANKRUPTCY COURT

9                     DISTRICT OF OREGON

10   In re

11   Northland Holdings LLC,           Case No. 14-36742-11

12               Debtor.

13   In re

14

15   Muskie Properties, LLC,           Case. No.  14-36745-11

              Debtor.

16                           **DEBTORS' MOTION FOR
TEMPORARY AND FINAL
17                           AUTHORITY TO USE CASH
COLLATERAL**

18
                          ***EXPEDITED HEARING
19                           REQUESTED***

20

21        Pursuant  to  11 U.S.C.  § 363(c)  and  Bankruptcy  Rule 4001(b),  Northland  Holdings

22   LLC ("Northland") and Muskie Properties, LLC ("Muskie") (together, "Debtors") move this

23   Court for an order (a) authorizing Debtors to use cash collateral in which Wells Fargo Bank,

24   National  Association  ("Wells Fargo")  has  an  interest  on  a  temporary  basis  until  a  final

25   hearing can be held on this motion; and (b) after final hearing held pursuant to Bankruptcy

26

**Page 1 of 4** -   DEBTORS' MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE
               CASH COLLATERAL

1   Rule 4001(c)(2), a final order authorizing Debtors to use cash collateral during the pendency

2   of these cases.  In support of this motion, Debtors state as follows:

3          1.      On December 10, 2014 (the "Petition Date"), Debtors filed voluntary petitions

4   for relief under Chapter 11 of Title 11 of the United States Code.[1]

5          2.      Debtors have continued in possession of their property and are continuing to

6   operate and manage their businesses as debtors-in-possession pursuant to §§ 1107(a) and

7   1108 of the Bankruptcy Code.

8          3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

9   1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core

10   proceeding pursuant to 28 U.S.C. § 157(b)(2).

11          4.      No request has been made for the appointment of a trustee or examiner, and

12   an official committee has not yet been established in this case.

13          5.      Northland is an Oregon limited liability company formed in 2007 with its

14   principal place of business in Bend, Oregon.

15          6.      Muskie is a Washington limited liability company formed in 2007, with its

16   principal place of business in Bend, Oregon.

17          7.      Northland and Muskie are each wholly owned by Gerlicher Company LLC.

18          8.      Northland and Muskie, as tenants-in-common, own and operate commercial

19   real property located at 916 Lake Shore Drive in Ashland, Wisconsin (the "Property").  The

20   Property has a single tenant, the General Services Administration on behalf of the Bureau of

21   Indian Affairs.

22          9.      As of the Petition Date, Debtors were indebted to Wells Fargo in the

23   approximate principal amount of $3,110,000.  The obligations of Debtors to Wells Fargo are

24

25    [1] Debtors have filed a motion for joint administration of their Chapter 11 cases pursuant to

26   FRBP 1015(b).

**Page 2 of 4** - DEBTORS' MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE
          CASH COLLATERAL

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: 503-224-6440 Fax: 503-224-7324

DCAPDX_1599233_v1

1    secured by a perfected first security interest in substantially all of Debtors' assets, including

2    rents.

3         10.     In order to preserve and maintain the assets of the estate, Debtors require cash

4    for the payment of utilities, operating expenses (including taxes and insurance), and

5    management fees. Debtors have prepared a budget, a copy of which is attached as **Exhibit 1**.

6         11.     Debtors' budget projects that Debtors will use approximately $1,450 to

7    $23,850 per week from December 10, 2014 through March 10, 2015 for normal and usual

8    operating expenses (excluding debt service). In addition, Debtors will need funds for

9    deposits to utilities, if such deposits are requested.

10         12.     Debtors seek Court authority to fund the expenses set forth on **Exhibit 1** from

11    their cash flow.

12         13.     It is in the best interest of Debtors, their creditors, and their estates for Debtors

13    to use cash collateral because use of cash collateral will allow the continued operation of

14    Debtors as going concerns and will maximize the likelihood of reorganization, thereby

15    maximizing the recovery to creditors.

16         14.     To provide adequate protection for the use by Debtors of cash in which Wells

17    Fargo claims or may claim an interest, Debtors will provide Wells Fargo with a continuing

18    security interest in all assets of Debtors from and after the Petition Date of the same category,

19    kind, character, priority, and description as was subject to a perfected and valid security

20    interest in existence on the Petition Date. As additional adequate protection, Debtors will

21    continue making monthly interest payments to Wells Fargo at the non-default contract rate of

22    interest. The adequate protection security interest and payments shall not improve the

23    position of Wells Fargo.

24         15.     As additional adequate protection for the use by Debtors of cash in which

25    Wells Fargo claims or may claim an interest, Debtors will continue to maintain and manage

26

**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: 503-224-6440 Fax: 503-224-7324

1    the Property, pay taxes and insurance on the Property, and protect the Property from

2    diminution in value from and after the Petition Date.

3        16.    To the extent Debtors are permitted to use cash collateral, that use will be

4    reinvested in operating and maintaining the Property and its value which, in turn, will protect

5    Wells Fargo's interests.

6        17.    To preserve the value of Debtors as going concerns, Debtors require the use of

7    cash collateral in which Wells Fargo has an interest.

8        18.    Debtors will suffer immediate and irreparable harm if they are not permitted

9    to use cash collateral in which Wells Fargo has an interest.

10        19.    None of the provisions listed in L.B.F. 541.7 are included in this motion or the

11    proposed order.

12        20.    A copy of the proposed Order Authorizing Use of Cash Collateral and

13    Granting Adequate Protection is attached hereto as **Exhibit 2**.

14        WHEREFORE, Debtors pray that this Court enter an interim order (a) authorizing

15    Debtors to use cash collateral, pending a final hearing on this motion; (b) granting to Wells

16    Fargo adequate protection as herein proposed or as otherwise approved by the Court; and

17    (c) setting a final hearing on this motion.

18        DATED:  December 10, 2014.

19                    DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

20

21

22        */s/ Christopher L. Parnell*
        Christopher L. Parnell, OSB No. 054352
        Email:  cparnell@dunncarney.com

23        Attorneys for Debtors

24

25

26

**Page 4 of 4** -   DEBTORS' MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE
            CASH COLLATERAL

**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone:  503-224-6440  Fax:  503-224-7324

DCAPDX_1599233_v1

# EXHIBIT 1

## BUDGET

## Muskie Properties / Northland Holdings
### 13 Week Cash Budget

**Muskie 13 Week Budget**

| | Week 1 12/10/14–12/16/14 | Week 2 12/17/14–12/23/14 | Week 3 12/24/14–12/30/14 | Week 4 12/31/14–01/06/15 | Week 5 01/07/15–01/13/15 | Week 6 01/14/15–01/20/15 | Week 7 01/21/15–01/27/15 | Week 8 01/28/15–02/03/15 | Week 9 02/04/15–02/10/15 | Week 10 02/11/15–02/17/15 | Week 11 02/18/15–02/24/15 | Week 12 02/25/15–03/03/15 | Week 13 03/04/15–03/10/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | 18,421 | 12,161 | 7,348 | 2,998 | 40,508 | 31,071 | 28,840 | 5,990 | 47,575 | 33,388 | 29,375 | 24,525 | 66,035 |
| **Cash Receipts** | | | | | | | | | | | | | |
| Rental Income | - | - | - | 44,710 | - | 3,682 | - | 44,710 | - | - | - | 44,710 | - |
| **Total Cash Receipts** | 0 | 0 | 0 | 44,710 | 0 | 3,682 | 0 | 44,710 | 0 | 0 | 0 | 44,710 | 0 |
| **Disbursements** | | | | | | | | | | | | | |
| Fire Monitoring | - | - | - | - | 27 | - | - | - | 27 | - | - | - | - |
| Insurance | - | - | - | - | - | - | - | - | - | - | - | - | 1,150 |
| Janitor Services | - | 800 | 400 | 900 | - | 900 | - | - | 900 | - | 900 | - | 900 |
| Janitorial & Misc. Supplies | - | - | - | - | - | - | 400 | - | - | - | - | 400 | - |
| Landscaping | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Property Management | - | 1,563 | - | - | - | 1,563 | - | - | - | 1,563 | - | - | - |
| Pest Control | - | - | - | - | 55 | - | - | - | 55 | - | - | - | 55 |
| Manager Fee | - | - | 2,500 | - | 2,500 | - | - | - | 2,500 | - | - | - | 2,500 |
| Property Taxes | - | - | - | - | - | - | 22,000 | - | - | - | - | - | - |
| Repairs & Maintenance | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 |
| Snow Removal | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - |
| Trash Disposal | - | - | - | - | 595 | - | - | - | 595 | - | - | - | 595 |
| Utilities – Electric / Gas | - | - | - | 3,500 | - | - | - | - | 3,850 | - | - | - | 4,050 |
| Utilities – Water / Sewer | - | - | - | 350 | - | - | - | 350 | - | - | - | 350 | - |
| Annual Fees | - | - | - | - | - | - | - | - | - | - | - | - | 160 |
| Travel | - | - | - | - | - | - | - | - | - | - | 2,500 | - | - |
| Wells Fargo Mortgage Interest | 4,810 | - | - | - | 4,810 | - | - | - | 4,810 | - | - | - | 4,810 |
| Quarterly Trustee Fee | - | - | - | - | - | - | - | 325 | - | - | - | - | - |
| Contingency | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| **Total Disbursements** | 6,260 | 4,813 | 4,350 | 7,200 | 9,437 | 4,913 | 23,850 | 3,125 | 14,187 | 4,013 | 4,850 | 3,200 | 15,670 |
| **Net Cash Flow for Week** | (6,260) | (4,813) | (4,350) | 37,510 | (9,437) | (1,231) | (23,850) | 41,585 | (14,187) | (4,013) | (4,850) | 41,510 | (15,670) |
| **Ending Cash Balance** | 12,161 | 7,348 | 2,998 | 40,508 | 31,071 | 29,840 | 5,990 | 47,575 | 33,388 | 29,375 | 24,525 | 66,035 | 50,365 |

1/29/2014 4:15 PM

# EXHIBIT 2

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Northland Holdings LLC,

               Debtor.

Case No. 14-36742-11

In re

Muskie Properties, LLC,

               Debtor.

Case. No.  14-36745-11

**INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL**

      THIS MATTER having come before the Court for an interim hearing on the Debtors'

Motion for Temporary and Final Authority to Use Cash Collateral (the "Motion"), the Court has

reviewed the Motion and the files and records in this case, has heard the statements of counsel on

the record, has been advised by Debtors that Wells Fargo Bank, National Association ("Wells

Fargo") claims a security interest in Debtors' cash collateral, and being otherwise fully advised;

The Court finds as follows:

      1.      The notice given to creditors of this hearing was adequate;

**Page 1 of 3** - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: 503-224-6440  Fax: 503-224-7324

DCAPDX_1599233_v1

2.      Debtors have an immediate need for the use of cash collateral to protect the estates from harm and preserve their value and will suffer irreparable harm if the immediate use of cash is not granted.

IT IS THEREFORE ORDERED that:

1.      The Motion is approved on an interim basis without prejudice to other parties in interest.

2.      Pending further hearing on the use of cash collateral, Debtors are authorized to use cash collateral, including cash flow, within the parameters of the budget attached hereto as **Exhibit 1**, so long as such use does not exceed the budget by more than 10% on a cumulative basis; provided, however, that the use of cash collateral may be continued on an interim basis by mutual consent of Debtors and Wells Fargo, subject to approval of the Court.

3.      Wells Fargo will continue to have security interests in Debtors' real property, leases, rents, and accounts to the same extent and to with the same priority that Wells Fargo held valid and perfected security interests and liens as of the Petition Date.

4.      As additional Adequate Protection, Debtors will continue making monthly interest payments to Wells Fargo at the non-default contract rate of interest.

5.      Nothing herein shall be construed to enhance the secured position of Wells Fargo as it existed on the date of the filing of the petition.

IT IS FURTHER ORDERED that a further hearing on Debtors' Motion for Temporary and Final Authority to Use Cash Collateral shall be held on _____, _____, 2014, at _____ a.m./p.m.  Debtors shall provide notice thereof.

# # #

* * *

* * *

* * *

**Page 2 of 3** - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: 503-224-6440  Fax: 503-224-7324

DCAPDX_1599233_v1

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP


By */s/ Christopher L. Parnell*
     Christopher L. Parnell, OSB No. 054352
     851 S.W. Sixth Avenue, Suite 1500
     Portland, OR  97204
     Telephone:   503-224-6440
     Facsimile:    503-224-7324
     E-mail:         cparnell@dunncarney.com
     Attorneys for Debtors

cc:    List of Interested Parties

**Page 3 of 3** -  INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: 503-224-6440  Fax: 503-224-7324

DCAPDX_1599233_v1

# EXHIBIT 1

## BUDGET

## Muskie Properties / Northland Holdings
## 13 Week Cash Budget

### Muskie 13 Week Budget

| | Week 1 12/10/14–12/16/14 | Week 2 12/17/14–12/23/14 | Week 3 12/24/14–12/30/14 | Week 4 12/31/14–01/06/15 | Week 5 01/07/15–01/13/15 | Week 6 01/14/15–01/20/15 | Week 7 01/21/15–01/27/15 | Week 8 01/28/15–02/03/15 | Week 9 02/04/15–02/10/15 | Week 10 02/11/15–02/17/15 | Week 11 02/18/15–02/24/15 | Week 12 02/25/15–03/03/15 | Week 13 03/04/15–03/10/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | 18,421 | 12,161 | 7,348 | 2,998 | 40,508 | 31,071 | 29,840 | 5,990 | 47,575 | 33,388 | 29,375 | 24,525 | 66,035 |
| **Cash Receipts** | | | | | | | | | | | | | |
| Rental Income | - | - | - | 44,710 | - | 3,682 | - | 44,710 | - | - | - | 44,710 | - |
| **Total Cash Receipts** | 0 | 0 | 0 | 44,710 | 0 | 3,682 | 0 | 44,710 | 0 | 0 | 0 | 44,710 | 0 |
| **Disbursements** | | | | | | | | | | | | | |
| Fire Monitoring | - | - | - | - | 27 | - | - | - | 27 | - | - | - | - |
| Insurance | - | - | - | - | - | - | - | - | - | - | - | - | 1,150 |
| Janitor Services | - | 800 | - | 900 | - | 900 | - | - | 900 | - | 900 | - | 900 |
| Janitorial & Misc. Supplies | - | - | 400 | - | - | - | 400 | - | - | - | - | 400 | - |
| Landscaping | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Property Management | - | 1,563 | - | - | - | 1,563 | - | - | - | 1,563 | - | - | - |
| Pest Control | - | - | - | - | 55 | - | - | - | 55 | - | - | - | 55 |
| Manager Fee | - | - | - | - | 2,500 | - | - | - | 2,500 | - | - | - | 2,500 |
| Property Taxes | - | - | - | - | - | - | 22,000 | - | - | - | - | - | - |
| Repairs & Maintenance | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 |
| Snow Removal | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - |
| Trash Disposal | - | - | - | - | 595 | - | - | - | 595 | - | - | - | 595 |
| Utilities - Electric / Gas | - | - | - | 3,500 | - | - | - | - | 3,850 | - | - | - | 4,050 |
| Utilities - Water / Sewer | - | - | - | 350 | - | - | - | 350 | - | - | - | 350 | - |
| Annual Fees | - | - | - | - | - | - | - | - | - | - | - | - | 160 |
| Travel | - | - | 2,500 | - | - | - | - | - | - | - | 2,500 | - | - |
| Wells Fargo Mortgage Interest | 4,810 | - | - | - | 4,810 | - | - | - | 4,810 | - | - | - | 4,810 |
| Quarterly Trustee Fee | - | - | - | - | - | - | - | 325 | - | - | - | - | - |
| Contingency | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| **Total Disbursements** | 6,260 | 4,813 | 4,350 | 7,200 | 9,437 | 4,913 | 23,850 | 3,125 | 14,187 | 4,013 | 4,850 | 3,200 | 15,670 |
| **Net Cash Flow for Week** | (6,260) | (4,813) | (4,350) | 37,510 | (9,437) | (1,231) | (23,850) | 41,585 | (14,187) | (4,013) | (4,850) | 41,510 | (15,670) |
| **Ending Cash Balance** | 12,161 | 7,348 | 2,998 | 40,508 | 31,071 | 29,840 | 5,990 | 47,575 | 33,388 | 29,375 | 24,525 | 66,035 | 50,365 |

12/29/2014 4:15 PM